Filed 9/23/24  P. v. Lemos CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B332919 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA045510) |
| v. | |
| DAVID ANTHONY LEMOS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, David W. Stuart, Judge.  Reversed.

The Law Office of CT Turney-Lewis and CT Turney for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and J. Michael Lehmann, Deputy Attorneys General, for Plaintiff and Respondent.

_____

David Anthony Lemos appeals from an order denying his petition for dismissal under Penal Code section 1203.41.[1] Because the court erred in finding that Lemos was ineligible for relief, we agree with Lemos and the Attorney General that it failed to properly exercise its discretion, and reverse.

## FACTUAL AND PROCEDURAL SUMMARY

In April 2005, pursuant to a plea agreement, Lemos pleaded no contest to one count of making a criminal threat. (Former § 422; Stats. 1998, ch. 825, § 3.)  He also admitted a gang allegation under section 182.66, subdivision (b), and admitted that he personally used a handgun in the commission of the crime.  (Former § 12022.5, subd. (a).)  The court accepted the plea and sentenced Lemos to prison for 9 years 4 months.

In August 2011, the parties informed the court of an error in the calculation of Lemos's sentence, which appeared to require that his sentence be extended by five years.  To avoid that result, the parties reworked the plea agreement to arrive at the 9 year 4 month sentence they had agreed upon.  Thus, in August 2011, Lemos pleaded no contest to (1) one count of making a criminal threat (former § 422); (2) one count of carrying a concealed weapon while being an active participant in a criminal street gang (former § 12025, subd. (b)(3); Stats 1999, ch. 571, § 2); and (3) one count of unlawfully carrying a loaded firearm in public (former § 12031; Stats 1999, ch. 571,

---

[1] Subsequent unspecified statutory references are to the Penal Code.

2

§ 3).[2]  He also admitted allegations that he personally used a handgun (former § 12022.5, subd. (a)), and was armed with a firearm (§ 12022, subd. (a)(1)) in the commission of the crime of making a criminal threat.  The court accepted Lemos's plea and admissions and sentenced him to 9 years 4 months in prison.

In 2012, Lemos was released from prison.  In 2014, he was discharged from parole.

On May 24, 2023, Lemos filed a petition for dismissal of his convictions under section 1203.41.  He supported the petition with his declaration stating that he had taken responsibility for the actions that led to his convictions, obtained his GED while in prison, and has, since his release, furthered his education and worked to support his children.

On June 15, 2023, the trial court denied the petition without a hearing, stating that Lemos is "not eligible for dismissal under [section] 1203.41 . . . as the charges" of which Lemos was convicted "are not eligible to be served in county jail

---

[2]  The prosecution amended the charging pleading orally in court to add the charges of carrying a concealed weapon and carrying a loaded weapon.  The latter count is described in our record as a violation of subdivision (c) of former section 12031.  At the relevant time, subdivision (a)(1) of section 12031 defined the crime of unlawfully carrying a loaded firearm in public.  (Stats. 1999, ch. 571, § 3.)  The subdivision described in the record—subdivision (c) of former section 12031—provided that the crime defined in subdivision (a) does not apply to police officers and animal control officers who "have completed a regular course in firearms training."  The references to subdivision (c) of section 12031, therefore, appear to be clerical errors.  We leave to the parties and the trial court whether to address this issue on remand.

under [section] 1170[, subdivision] (h)." The court gave no other reason.

Lemos filed a timely notice of appeal.

## DISCUSSION

Under section 1203.41, "[i]f a defendant is convicted of a felony, the court, in its discretion and in the interest of justice," may "permit the defendant to withdraw their plea of guilty or plea of nolo contendere and enter a plea of not guilty" and "dismiss the accusations or information against the defendant." (§ 1203.41, subd. (a)(1).) Generally, if such relief is granted, "the defendant shall be released from all penalties and disabilities resulting from the offense of which they have been convicted." (*Ibid.*)

The court's ability to grant relief under section 1203.41 is proscribed in certain ways. If the defendant had been sentenced to prison, for example, two years must elapse since the completion of the defendant's sentence, the defendant cannot be on parole or probation or charged with the commission of an offense, and the defendant cannot be a person who is required to register as a sex offender. (§ 1203.41, subd. (a)(2), (3) & (6); see generally 3 Witkin & Epstein, Cal. Crim. Law (4th ed. 2023) Punishment, § 720A.) None of the limits on the court's ability to grant relief applies in this case.

Prior to 2023, relief under section 1203.41 was not available to defendants who had been sentenced to prison; relief was available only if the defendant was "sentenced pursuant to paragraph (5) of subdivision (h) of Section 1170" (former § 1203.41, subd. (a); Stats 2013, ch. 787, § 1); that is, sentenced to "a term of imprisonment in a county jail." (§ 1170, subd. (h)(1), (2) & (5).) In 2022, the Legislature removed this limitation when

4

it amended section 1203.41.  (Stats. 2022, ch. 842, § 1, p. 8767.) As of January 1, 2023, relief is now generally available to "a defendant . . . convicted of a felony."  (§ 1203.41, subd. (a).) Lemos filed his petition about five months after the amendment went into effect.

The only reason the court gave for denying Lemos's petition is that he is "not eligible for dismissal" because the sentences for Lemos's convictions would not be "served in county jail under [section] 1170[, subdivision] (h)."  The reason indicates that the court was unaware of the change in the law and its discretionary power to grant relief to defendants "convicted of a felony," even those who served their sentence in prison.

Although the power to grant relief under section 1203.41 is discretionary, when a trial court's decision rests on an error of law or the application of improper criteria or incorrect legal assumptions, the decision is an abuse of discretion and subject to reversal.  (*People v. Superior Court* (*Humberto S.*) (2008) 43 Cal.4th 737, 746; *Rodriguez v. Menjivar* (2015) 243 Cal.App.4th 816, 820–821.)  As both Lemos and the Attorney General agree, that is the case here.  Accordingly, we reverse the court's order.

## DISPOSITION

The June 15, 2023 order denying Lemos's petition for dismissal is reversed.

<u>NOT TO BE PUBLISHED</u>.


                                        ROTHSCHILD, P. J.

We concur:



BENDIX, J.



KLINE, J.*

---

**\*** Retired Presiding Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.